**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| GERALD WAYNE CLAY, #0262547, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:20-CV-137-JDK-KNM |
| | § | |
| DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Docket No. 2. The Report and Recommendation of the Magistrate Judge (Docket No. 5) recommended that the petition for writ of habeas corpus be dismissed without prejudice for failure to prosecute or to comply with an order of the court. It was further recommended that a certificate of appealability should be denied. Petitioner filed written objections. Docket No. 6.

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation de novo. *See* FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Report and Recommendation recommended dismissal of Petitioner's petition for

1

failure to obey an order of the Court.  Docket No. 5.  Petitioner's objections do not challenge the Report and Recommendation but instead argue that the underlying order to amend his petition pursuant to 28 U.S.C. § 2254 is in error because he is able to bring his claims under 28 U.S.C. § 2241.

Petitioner's claim is incorrect. Petitioner seeks immediate release and challenges his custody pursuant to a judgment of a state court.  Therefore, 28 U.S.C. § 2254 governs the petition because it was filed on "behalf of a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a); *see also Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (stating § 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments") (quoting *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)).  Federal courts have generally interpreted section 28 U.S.C. § 2241 as a statutory grant of authority to issue habeas writs, while 28 U.S.C. § 2254 implements that authority with respect to state prisoners.  *See Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (explaining that § 2241 empowers federal court to grant writs of habeas corpus in general, while § 2254 "applies to 'a person in custody pursuant to the judgment of a State court'") (quoted case omitted).  Because Petitioner has not complied with the Magistrate Judge's order to replead (Docket No. 3), nor filed a motion for extension of time to file his corrected habeas petition, the Court has the authority to dismiss the petition.  *See* FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Accordingly, it is hereby **ORDERED** that Petitioner's objections are **OVERRULED** and the Report and Recommendation (Docket No. 5) is **ADOPTED**.  It is further

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.  A certificate of appealability is **DENIED**.  All motions not previously ruled on are **DENIED AS MOOT**.

So **ORDERED** and **SIGNED** this **23rd** day of **July, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE